In re JORGES CARPET MILLS,
INC., Debtor.

C. Kenneth STILL, Trustee,
Plaintiff/Appellee,

v.

ETCO INTERNATIONAL,
Defendant/Appellant.

No. CIV-1-82-288.

United States District Court,
E. D. Tennessee, S. D.

Sept. 13, 1982.

Thomas S. Kale, Chattanooga, Tenn., for plaintiff/appellee.

Robert Harriss, Harriss, Hartman, Aaron & Townley, Rossville, Ga., for defendant/appellant.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an appeal under Bankruptcy Rule 810 from a decision of the bankruptcy court for this district (Court File # 9) granting the trustee a judgment against Etco in the amount of $9,428.14. The case is before the Court upon Etco's appeal.

The debtor was in the business of tufting carpet for other concerns, one of which was Etco. Etco had done business with the debtor in the past. The debtor is now being operated by the trustee. In so doing, the trustee apparently discovered several invoices for work done by the debtor for Etco, which had not been paid. Jacqueline Adamson, an employee of Jorges for 29 years, and credit and claims manager at the time these alleged transactions took place, testified that the invoices were genuine and that the money was owed. The invoices and some related records were produced at the hearing. Representatives for Etco denied owing the money, saying that the work had not been done, and that the invoices were not genuine.

The bankruptcy judge entered Findings of Fact and Conclusions of Law upon the record, holding:

"Since there is conflicting testimony as to whether the invoices are owed, the Court must resolve the conflict. In this regard, the credibility of the witnesses is in issue. From having heard the witnesses and observed their demeanor, the Court is of the opinion that Mrs. Adamson is to be believed. Moreover, the documents introduced at trial support the position that the invoices in dispute are owed by the defendant and that they were in fact received by the defendant. Accordingly, the Court concludes that the plaintiff has proven his case by a preponderance of the evidence.

(Court File # 8). It is this finding that the defendant argues is in error.

A district court's review of a bankruptcy court's finding of fact is limited. Bankruptcy Rule 810 provides:

Upon an appeal the district court ... shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge of the credibility of the witnesses.

*See also* Bankruptcy Rule 752(a).

In this case, the bankruptcy court's finding that Mrs. Adamson was to be believed was based, at least in part, upon the judge's perception of the various witnesses' credibility. The finding is supported not only by the testimony of Mrs. Adamson, but also by the documentary evidence introduced at the hearing. Upon this record, the Court cannot say that the bankruptcy judge's finding was clearly erroneous. *See Nitz v. Nitz,* 568 F.2d 148, 152 (10th Cir. 1977); *White v. Luedeka* (In re Armstrong Glass Co.), 502 F.2d 159, 163 (6th Cir. 1974).

The appellant argues that the bankruptcy court erred in allowing Mrs. Adamson to testify regarding whether the work reflected by the invoices was actually performed. An examination of the record discloses, however, that this testimony was elicited by Etco on cross-examination. The appellant cannot now complain of the court's admission of this testimony.

Etco further contends that it was reversible error for the bankruptcy court to refuse to dismiss the case for plaintiff's alleged failure to produce requested documents. The basis in the record for Etco's assertion is unclear, but it appears from the transcript of the hearing that Etco was provided with all of Jorges' records (Tr. 64), and that Etco did not move to dismiss for failure to produce. There is in the record a request to produce (Court File # 6), but nothing that would indicate Etco's dissatisfaction with the result of that request. Upon this record, the Court is of the opinion that the bankruptcy court did not abuse its discretion in failing to dismiss, even assuming that it was asked to do so. Etco has not shown that it asked the bankruptcy court to dismiss, that the requested documents were not produced, or that any prejudice resulted from the action of the court. *Cf. Rozier v. Ford Motor Co.,* 573 F.2d 1332 (5th Cir. 1978) (demonstrable prejudice resulting from a fraud upon the court on a Rule 60(b) motion).

Etco also argues that the bankruptcy court erred in not considering its assertion that Etco was entitled to a $3,000 setoff for defective goods sold to Etco by an affiliate of Jorges. Etco fails to mention that this claim was separately considered by the bankruptcy court and disallowed by an order of June 21, 1982. Therefore, Etco's claim was heard in due course and it was certainly not error for the bankruptcy judge to consider it separately.

Finally, Etco asserts as error the testimony elicited by the trustee regarding Etco's financial condition (Tr. 40–41, 57–58). The Court cannot perceive, and Etco has not articulate any prejudice to Etco resulting from the admission of this testimony. Even assuming that the testimony was not admissible which under the definition of relevancy in Fed.R.Evid. 401 it certainly a questionable assumption, this evidence did not affect a substantial right of Etco, Fed. R.Evid. 103(a), as it related to the ability of Etco to pay any judgment rendered against it.

For the foregoing reasons, the Court is of the opinion that the decision of the bankruptcy court is correct and should be affirmed.

An appropriate order will enter.